IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BRIAN J. SNELL,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Case No. 17-01063-CV-W-ODS
                                   )
BPL PLASMA, INC.,                  )
                                   )
            Defendant.             )

ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

        Pending is Defendant's Partial Motion to Dismiss for Failure to State a Claim, which
seeks dismissal of Count I of Plaintiff's First Amended Petition.  Doc. #27.  For the
following reasons, Defendant's motion is granted.


I.      **BACKGROUND**[1]

        In October 2016, Defendant hired Plaintiff as a medical supervisor at a plasma
collection center.  Plaintiff was advised that Defendant's employee handbook governed the
employment relationship, and he should refer to the handbook for employment related
issues.  Plaintiff's job duties entailed performing physical examinations on prospective
donors, eliciting information from donors, and determining donor suitability.  Plaintiff also
performed recordkeeping duties.

        In July 2017, Plaintiff incorrectly dated a form, and his employment was terminated.
Thereafter, Plaintiff advised Defendant he was exercising his right to challenge his
termination pursuant to the employee handbook.  Plaintiff was later informed his dismissal
would be in "good standing," but his termination was the result of "willful falsification" of
documents.  Plaintiff also sought payment for his earned personal time off ("PTO").
Defendant denied payment because Plaintiff's termination was for an "act of dishonesty,
willful neglect, insubordination, or falsification of documents."

---

[1] Unless otherwise noted, information contained in this section is from Plaintiff's First
Amended Petition.  Doc. #23.

In November 2017, Plaintiff filed a lawsuit in the Circuit Court of Jackson County, Missouri. Defendant removed the matter to this Court, and filed a motion to dismiss for failure to state a claim, or in the alternative, motion for more definite statement. Doc. #5. Plaintiff sought and obtained an extension of time to respond to the motion. Docs. #10-11. After Plaintiff failed to timely respond, the Court issued a show cause order. Doc. #16. In response, Plaintiff filed a "motion for return of action to circuit court and response to Defendant's notice of removal." Doc. #17. Plaintiff also requested a stay until the Court decided Plaintiff's motion. Doc. #19. The Court denied Plaintiff's request to stay the matter, and directed Plaintiff to respond to the motion to dismiss. Doc. #20.

On February 8, 2018, Plaintiff filed his opposition to Defendant's motion and also filed his First Amended Petition. Docs. #22-23. Plaintiff also sought withdrawal of his motion seeking to return this matter to state court, and the Court granted that request. Docs. #21, 24. Because the First Amended Petition included additional factual allegations and legal grounds, Defendant's motion was rendered moot. Doc. #24.[2]

On February 22, 2018, Defendant filed a motion to dismiss Count I of the First Amended Petition, arguing Plaintiff failed to state a claim. Doc. #27. Again, Plaintiff failed to timely respond to Defendant's motion. The Court directed him to show cause why the motion should not be granted. Plaintiff filed his opposition to the motion. Doc. #40. And Defendant filed its reply. Doc. #41. The motion is now ripe for consideration.

## II.  STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling a motion to dismiss, the Court

---

[2] Plaintiff also sought leave to further amend his complaint to include a demand for a jury trial. Doc. #25. The Court overruled Defendant's objections to the motion, and granted Plaintiff leave to file his Second Amended Petition. Doc. #37. Although the Court directed Plaintiff to electronically file his Second Amended Petition, which was to include a demand for a jury trial, on or before March 9, 2018, Plaintiff failed to do so, and to this date, he has never filed his Second Amended Petition.

"must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be allegedly generally." Fed. R. Civ. P. 9(b).

### III.   DISCUSSION

In Count I, which is the subject of Defendant's motion to dismiss, Plaintiff purports to bring a claim for breach of contract, and a claim for fraud. *See* Doc. #40.

### A.  Breach of Contract

For a breach of contract claim, there must be (1) the existence of a valid contract, (2) Defendant's obligation under the contract, (3) a breach by Defendant of that obligation, and (4) resulting damage. *Clayborne v. Enter. Co. of St. Louis, LLC*, 524 S.W.3d 101, 106

(Mo. Ct. App. 2017) (citations omitted).  As best the Court can discern, Plaintiff alleges the following in support of his breach of contract claim:

- "Defendant orally agreed to be bound by the terms of the Employee Handbook and thereby entered into an implied contract with the Plaintiff regarding eligibility for PTO benefits."  Doc. #23, ¶ 27.

- "Defendant breached its implied agreement to PTO benefits as provided for and for which Plaintiff was eligible."  *Id.*, ¶ 28.

- "Defendant's denial of PTO payment was in breach of their [sic] agreement to pay PTO…."  *Id.*, ¶ 35.

- "Plaintiff is owed in excess of 45 hours of PTO at the rate of $17.25 per hour."  *Id.*, ¶ 26.

Defendant argues Plaintiff fails to state a claim for breach of contract because Missouri courts have held employee handbooks are generally not considered contracts.  Thus, the employee handbook cannot give rise to a breach of contract claim.  Defendant also contends Plaintiff's prayer for punitive damages for a breach of contract claim should be dismissed because punitive damages are not recoverable in breach of contract actions.

In response to Defendant's motion to dismiss, Plaintiff states his use of the term "implied contract" mischaracterizes his intent "to suggest that Defendant had referenced the Employee Handbook as the reason for denying PTO benefits, thereby acknowledging to be orally bound by the terms of the handbook with regard to PTO."  Doc. #40, at 3.  Plaintiff concedes he is not seeking punitive damages associated with his breach of contract claim.  *Id.*

To the extent he is utilizing the employee handbook as the basis for his breach of contract claim, Plaintiff fails to state a claim upon which relief may be granted.  "Under Missouri law, employee handbooks generally are not considered contracts because they normally lack the traditional prerequisites of a contract."  *Johnson v. Vatterott Educ. Ctrs.*, 410 S.W.3d 735, 738 (Mo. Ct. App. 2013) (citations omitted); *Doran v. Chand*, 284 S.W.3d 659, 664 (Mo. Ct. App. 2009) (citations omitted) (stating "[a]n employer publishing a handbook is not a contractual offer to its employees."); *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 663 (Mo. banc 1988) (finding no contract was formed between the employee and employer on the basis of the employer's handbook).  For the same reasons, Plaintiff's claim that Defendant orally agreed to be "bound by the terms of the handbook with regard to PTO" does not state a claim.  Simply, for any breach of contract claim based

upon the employee handbook, Plaintiff failed to allege a plausible claim for breach of contract because he did not allege a valid contract existed. Thus, his breach of contract claim based upon the employee handbook fails.[3] Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claim is granted.

## B. Fraud

The elements of a claim for fraud are (1) a representation, (2) its falsity, (3) its materiality, the speaker's knowledge of its falsity or her ignorance of the truth, (5) the speaker's intent that the representation should be acted upon by the hearer in a manner reasonably contemplated, (6) the hearer's ignorance of the representation's falsity, (7) the hearer's reliance on the representation's truth, (8) the hearer's right to rely on the representation, and (9) injury to the hearer proximately caused by the reliance. *Minor v. Terry*, 475 S.W.3d 124, 138 (Mo. Ct. App. 2014). Defendant argues Plaintiff fails to plead (and plead with particularity required by Rule 9(b) of the Federal Rules of Civil Procedure) the fifth, sixth, seventh, eighth, and ninth elements. Doc. #28, at 4-6.

For the fifth element, Plaintiff points to the following allegation: "[a]s a result of Schmidt's fraudulent statements, Defendant failed to pay PTO that was due to the Plaintiff upon termination." Doc. #30, at 2. But Plaintiff does not allege Schmidt's alleged intent to cause Plaintiff to act upon Schmidt's representation in a manner reasonably contemplated. Rather, Plaintiff seems to allege Schmidt intended <u>Defendant</u>, not Plaintiff, to act upon his representation. As such, Plaintiff failed to plead this element.

With regard to the sixth element, there is nothing in Plaintiff's First Amended Petition alleging his "ignorance of the representation's falsity." Instead, Plaintiff alleges Schmidt's representation was false because Plaintiff did not engage in an act of

---

[3] Although Plaintiff seems to concede he is not alleging a claim based upon implied contract, he failed to state such a claim. The elements of a contract implied in law are (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. *Johnson Grp., Inc. v. Grasso Bros.*, 939 S.W.2d 28, 30 (Mo. Ct. App. 1997) (citation omitted). Nowhere in the First Amended Petition does Plaintiff allege the essential elements of an implied contract. To the extent Plaintiff is attempting to allege an implied contract claim, the Court finds he has failed to state a claim.

dishonesty, as stated by Schmidt.  Doc. #23, ¶¶ 21, 31, 34-35.  Thus, Plaintiff failed to plead this element.

Similarly, Plaintiff fails to plead the seventh element.  He does not allege <u>Plaintiff</u> relied on Schmidt's representation.  Instead, Plaintiff seems to allege Defendant relied upon Schmidt's representation.  Further, there is no allegation Plaintiff took any action based upon Schmidt's representation.  Accordingly, Plaintiff failed to plead this element.

For the eighth element, Plaintiff points to the following allegation:  "Defendant's employee, Schmidt, within the course and scope of his employment, stated that Plaintiff was terminated as a result of willful falsification of documents."  Doc. #40, at 2.  But this allegation does not allege Plaintiff had a right to rely on Schmidt's representation that Plaintiff willfully falsified documents.  Consequently, Plaintiff failed to plead this element.

As for the final element, which is the hearer's injury proximately caused by the reliance, Plaintiff does not allege this element.  There is no allegation in Plaintiff's First Amended Petition setting forth any injury was caused by relying upon Schmidt's statement, which Plaintiff knew was false.  Additionally, in response to Defendant's motion to dismiss, Plaintiff did not point to anything in his First Amended Petition that satisfies this element.  Thus, Plaintiff failed to plead this element.

Because Plaintiff failed to state claim for fraud, as outlined above, Defendant's motion to dismiss Plaintiff's fraud claim is granted.  Further, even if the Court were to find Plaintiff somehow pleaded the necessary elements for a fraud claim, the Court finds Plaintiff failed to meet the particularity requirements for alleging a claim of fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure.  For this additional reason, Defendant's motion to dismiss Plaintiff's fraud claim is granted.

## IV.    CONCLUSION

Defendant's motion to dismiss Count I of Plaintiff's First Amended Petition is granted.  Plaintiff's breach of contract and fraud claims are dismissed.

IT IS SO ORDERED.

DATE: April 11, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT